Allan L. Dollison, Esq., State Bar No. 177299
Brett C. Drouet, Esq., State Bar No. 192889
LAW OFFICES OF JACOB EMRANI
A Professional Corporation
714 W. Olympic Blvd., Suite 300
Los Angeles, California 90015
Telephone: 213-748-7734
Facsimile:  213-748-8879

Attorneys for Plaintiff
LOIS ROMERO

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| LOIS ROMERO, | Case No.:  5-20:cv-00082-SP |
| Plaintiff, | PLAINTIFF'S NOTICE OF MOTION |
| vs. | AND MOTION TO SUBSTITUTE/ADD PARTIES IN PLACE OF FICTITIOUSLY |
| WAL-MART STORES, INC., et al., | NAMED DEFENDANTS; MEMORANDUM OF POINTS & |
| Defendants. | AUTHORITIES AND DECLARATION OF BRETT C. DROUET, ESQ. |
| | **Hearing:** |
| | Date:        March 9,2020 |
| | Time:        9:00 a.m. |
| | Courtroom:  1 |
| | Honorable Jesus G. Bernal |
| | United States District Judge |

**TO THE HONORABLE JESUS G. BERNAL, UNITED STATES DISTRICT COURT JUDGE AND TO DEFENDANTS AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on March 9, 2020 at the hour of 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 1 of the United States District Court located at 3470 12th Street, Riverside, California 92501, Plaintiff Lois Romero ("Plaintiff") will move the Court for its orders authorizing Plaintiff to substitute/add the following individuals and entities as Defendants in this action instead and in place of the following fictitiously named parties in his Complaint:

a.      Steve Ibrahim – Doe 1

b.      Independent Floor Testing & Inspection, Inc., a California corporation – Doe 2.

This Motion is made pursuant to the provisions of Rule 15(B)(2), Federal Rules of Civil Procedure and Local Rule 15-1, Central District of California on the ground that the true identities of these parties were discovered during the course and scope of discovery in this this action prior to removal of the action. Amendment of Plaintiff's Complaint to add these defendants is necessary so that they may be properly joined in this action in conformity with the provisions of Rule 20(a)(2), Federal Rules of Civil Procedure and Local Rule 19-1, Central District of California.

This Motion is based upon this Notice, the accompanying Memorandum of Points & Authorities, the accompanying Declaration of Brett C. Drouet, Esq., the Court's file in this case and upon such other and further oral and documentary evidence as may be presented to the Court at the time of the hearing.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, Central District of California which took place telephonically on February 11 and February 12, 2020.

NOTICE OF MOTION AND MOTION TO SUBSTITUTE/ADD PARTIES
IN PLACE OF FICTITIOUSLY NAMED DEFENDANTS

Dated: February 12, 2020

By:   /s/ Allan L. Dollison
Allan Dollison, Esq.
Law Offices of Jacob Emrani APC
Attorneys for Plaintiff
Lois Romero

NOTICE OF MOTION AND MOTION TO SUBSTITUTE/ADD PARTIES
IN PLACE OF FICTITIOUSLY NAMED DEFENDANTS

## MEMORANDUM OF POINTS & AUTHORITIES

### I

### INTRODUCTION

This lawsuit arises in connection with a slip and fall accident that occurred on September 19, 2015.  Plaintiff Lois Romero ("Plaintiff") was a customer and business invitee at a Walmart store owned and operated by Defendant Walmart Stores, Inc. ("Walmart") at 31700 Grape Street, Wildomar, CA 92532 ("Premises"). While walking to the restroom, Plaintiff encountered a dangerous condition in the form of a liquid puddle of what appeared to be soda on the floor of the subject premises, causing her right foot to slip out from under her and her body to fall backwards. Plaintiff fell on her tailbone and bent her right knee under her in the fall, causing the injuries at issue in this incident.

As a result of this incident, Plaintiff suffered injuries to her lower back, right hip, right leg, left arm and hand, and right knee. She was diagnosed with a L5-S1 disc herniation and L5-S1 disc space collapse. Following an unsuccessful course of conservative treatment, Plaintiff required lumbar epidural steroid injections, an L5-S1 laminectomy and L5-S1 complete medial facetectomy and an L5-S1 bilateral pedicle screw inserted in her lumbar spine.

By way of this Motion, Plaintiff seeks to add two (2) new parties as defendants in this action in place and instead of fictitiously named parties.  As is demonstrated by the accompanying Declaration of Brett C. Drouet, Esq. ("Drouet Decl."), the true names/identifies of the parties Plaintiff seeks to add as defendants in this action were discovered during the course and scope of discovery in this action just prior to its removal to Federal Court. (**Drouet Decl. at ¶5**)

The first proposed new defendant is Steve Ibrahim ("Ibrahim"), a resident of the State of California, who is the store manager of the Walmart store where Plaintiff was injured.  His duties as store manager include responsibility for the inspection and maintenance of the flooring of the Premises. Plaintiff seeks to name Mr. Ibrahim as Doe 1 in the First and Second

NOTICE OF MOTION AND MOTION TO SUBSTITUTE/ADD PARTIES
IN PLACE OF FICTITIOUSLY NAMED DEFENDANTS

Cause of Action of the Complaint for Premises Liability based on theories of Negligence. **(Drouet Decl. at ¶6)**

The second proposed new defendant is Independent Floor Testing & Inspection, Inc., a California corporation ("IFTI"). IFTI is a California corporation hired by Walmart to, *inter alia,* test and certify the safety of the flooring of the Premises as a non-slip/skid surface. Plaintiff seeks to name IFTI as Doe 2 in his First and Second Causes of Action for Premises Liability based on a theory of Negligence. **(Drouet Decl. at ¶7)**

### III

### PROCEDURAL HISTORY

The following is a summary of the salient procedural events in this lawsuit:

1.    Plaintiff's Complaint was filed in the Superior Court for the County of Riverside on September 19, 2017 ("State Court Action").

2.    Defendant Walmart filed its Answer to Plaintiff's Complaint on or about January 9, 2018.

3.    On or about December 7, 2018 Plaintiff filed an Amendment to Complaint in the State Court Action naming Defendant Tarkett, Inc. as Doe 41 ("Tarkett").

4.    Tarkett filed its Answer to Plaintiff's Complaint on or about January 4, 2019.

5.    On or about November 25, 2019 Plaintiff filed an Amendment to Complaint in the State Court Action naming Defendant Tarkett USA, Inc. as Doe 42 ("Tarkett USA").

6.    On or about November 25, 2019 Plaintiff filed an Amendment to Complaint in the State Court Action naming Defendant Harnix Corp doing business as Linron Company as Doe 43 ("Harnix").

7.    On or about November 25, 2019 Plaintiff also filed an Amendment to Complaint in the State Court Action naming Defendant Diversey, Inc. ("Diversey") as Doe 44.

8.    On or about December 6, 2019 Plaintiff caused a Request for Dismissal with prejudice to be filed as to Tarkett.

NOTICE OF MOTION AND MOTION TO SUBSTITUTE/ADD PARTIES
IN PLACE OF FICTITIOUSLY NAMED DEFENDANTS

9.      On or about January 9, 2020 Tarkett USA filed its Answer to Plaintiff's Complaint.

10.     On or about January 21, 2020 Diversey filed and served its Notice of Removal of the State Court Action to this Honorable Court.

## IV

## AMENDMENT OF PLAINTIFF'S COMPLAINT TO ADD IBRIHIM AND IFTI AS DEFENDANTS IN PLACE OF FICTITIOUSLY NAMED DEFENDANTS IS AUTHOIRZED UNDER BOTH FEDERAL AND STATE LAW

By way of this Motion, Plaintiff seeks leave of Court to substitute/add Ibrahim and IFTI as defendants in place and instead of fictitiously named defendants in his Complaint. Federal law is quite clear that such amendments are permissible with the opposing party's consent or by leave of Court.

Specifically, Rule 15(a)(2), Federal Rules of Civil Procedure, provides:

"*Other Amendments*. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The Court should freely give leave when justice so requires."

Local Rule 19-1, Central District of California provides:

"*Fictitiously named Parties.  No complaint or petition shall be filed that includes more than (10) Doe or fictitiously named parties.*"

Rule 20(a)(2), Federal Rules of Civil Procedure provides, in relevant part, that:

"*Defendants. Persons-….may be joined in one action as defendants if:*

*(A) any right to relief is asserted against them jointly , severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and*

*(B) any question of law or fact common to all defendants will arise in the action.*"

California law allows a plaintiff who is ignorant of the name of a defendant at the time suit is filed to use a fictitious name and then later amend when the defendant's true

NOTICE OF MOTION AND MOTION TO SUBSTITUTE/ADD PARTIES
IN PLACE OF FICTITIOUSLY NAMED DEFENDANTS

name is discovered.1 Cal. Civ. Proc. § 474 (West 2005). Such substitution is permitted up to three (3) years after the commencement of the action. Cal. Civ. Proc. § 583.210 (West 2005); Kreines v. United States, 959 F.2d 834, 837 (9th Cir. 1992); Mike Silverman & Assoc. v. Drai, 659 F.Supp. 741, 744 (C.D. Cal. 1987).  The law is equally clear that California's Doe Statutes, Code of Civil Procedure §474 et seq. are substantive state law that are to be applied when a federal court is sitting in diversity. (See, e.g., Lindley v. Gen. Elec. Co., 780 F. 2d 797, 800-801 (9th Cir. 1986).

Plaintiff's original complaint filed in the State Court Action named Does 1 to 50, inclusive. The Complaint was timely filed on September 19, 2017.  **(Drouet Decl. at ¶8)**

Prior to removal of the State Court Action to this Court, Plaintiff had filed Amendments to Complaint naming three (3) additional defendants (Tarkett USA, Harnix and Diversey) in place of designated Doe Defendants 42-44, inclusive. [1] **(Drouet Decl. at ¶9)**

Plaintiff does not hereby seek to modify or supplement any of the charging allegations of her Complaint but instead merely to substitute Ibrahim in place of Doe 1 in the body of the Complaint and in the First and Second Causes of Action for Premises Liability based on theories of Negligence.  Further Plaintiff seeks to add IFTI as Doe 2 in the body of the Complaint and in the First and Second Causes of Action for Premises Liability also based on theories of Negligence. **(Drouet Decl. at ¶s 10-11, 13)**

Plaintiff does not presently contemplate that additional fictitiously named parties will need to be joined in this action but expressly reserves the right to seek such relief from the Court should evidence be adduced during discovery to warrant same.  In the interim, Plaintiff believes that this Motion conforms with the requirements of Rule 19-1 as well as Rules 15 and Rule 20, Federal Rules of Civil Procedure. **(Drouet Decl. at ¶s 12-13)**

As set forth in the accompanying Drouet Decl., the identities of Ibrahim and IFTI were discovered by Plaintiff during the course of discovery and prior to its removal to this Court. **(Drouet Decl. at ¶10)** More specifically, Plaintiff conducted the PMQ deposition of

---

[1] As previously noted, Tarkett, Inc. was named as Doe 41 but was subsequently dismissed from this action.

NOTICE OF MOTION AND MOTION TO SUBSTITUTE/ADD PARTIES
IN PLACE OF FICTITIOUSLY NAMED DEFENDANTS

Walmart in several sessions,  including depositions held on September 27, 2019 and November 13, 2019. During the course of these depositions, Walmart produced several individuals to testify, including Ibrahim as its PMQ.  During the course of the November 13, 2019 PMQ deposition IFTI was identified by Walmart's senior architectural manager Todd Franke as the entity which was hired by Walmart to conduct testing on the safety of the non-slip/skid flooring installed at the Premises.   Predicated upon the testimony rendered at the PMQ depositions and other evidence, Plaintiff's counsel determined that both Ibrahim and IFTI should be properly named as Doe defendants in this action in the First and Second Causes of Action for Premises Liability based on theories of negligence. **(Drouet Decl. at ¶10-11)**

Plaintiff respectfully submits that both Ibrahim and IFTI may be joined as defendants in this action since Plaintiff's claims against them each arise out of the identical facts and events as the claims already being asserted against the other named defendants in this case, to wit, Plaintiff's slip and fall accident on September 19, 2015.  The requested amendments are timely made and pose no prejudice to any other defendant in this action since they are already aware of the identifies of Ibrahim (whom Walmart produced as its PMQ) and IFTI (the contractor hired by Walmart to conduct safety inspections of its flooring at the Premises) based on testimony rendered during the PMQ deposition sessions of Walmart. **(Drouet Decl. at ¶13-14)**

## V
## CONCLUSION

Predicated upon the foregoing authorities and based upon the accompanying Declaration of Brett C. Drouet, Esq., the Court is respectively requested to grant this Motion and authorize Plaintiff to substitute Ibrahim as Doe 1 and IFTI as Doe 2 in this action and further to authorize the Clerk of this Court to issue a new Summons that includes the names of Ibrahim and IFTI as Defendants.

In full candor, if this Motion is granted, Diversity Jurisdiction will be defeated likely leading to a remand of this action to State Court.  In that regard, Plaintiff has concurrently herewith filed a Motion to Remand, which is incorporated herein by this reference. The Court is further requested to grant the Motion to Remand on the grounds set forth therein. Respectfully submitted.

Dated: February 12, 2020              By:   /s/ Allan L. Dollison
                                          Allan Dollison, Esq.
                                          Law Offices of Jacob Emrani APC
                                          Attorneys for Plaintiff
                                          Lois Romero

## **DECLARATION OF BRETT C. DROUET, ESQ.**

I, Brett C. Drouet, declare:

1.      I am an attorney at law duly licensed to practice before the Courts of this State and am a senior trial attorney with the Law Office of Jacob Emrani, APC, attorneys of record for Plaintiff Lois Romero ("Plaintiff").

2.      Each of the facts stated in this Declaration are personally known to me and if required to do so, I could and would competently testify thereto.

3.      I make this Declaration in support of Plaintiff's Motion to Substitute/Add Parties in Place of Fictitiously Named Defendants in this action ("Motion").

4.      This lawsuit arises in connection with a slip and fall accident that occurred on September 19, 2015. Plaintiff a customer and business invitee at a Walmart store owned and operated by Defendant Walmart Stores, Inc. ("Walmart") at 31700 Grape Street, Wildomar, CA 92532 ("Premises"). While walking to the restroom, Plaintiff encountered a dangerous condition in the form of a liquid puddle of what appeared to be soda on the floor of the subject premises, causing her right foot to slip out from under her and her body to fall backwards. Plaintiff fell on her tailbone and bent her right knee under her in the fall, causing the injuries at issue in this incident.

5.      By way of this Motion, Plaintiff seeks to add two (2) new parties as defendants in this action in place and instead of fictitiously named parties.

6.      The first proposed new defendant is Steve Ibrahim ("Ibrahim"), a resident of the State of California, who is the store manager of the Walmart store where Plaintiff was injured. His duties as store manager include responsibility for the inspection and maintenance of the flooring of the Premises. Plaintiff seeks to name Mr. Ibrahim as Doe1 in the First and Second Cause of Action of the Complaint for Premises Liability based on theories of Negligence.

7.      The second proposed new defendant is Independent Floor Testing & Inspection, Inc., a California corporation ("IFTI").  IFTI is a California corporation hired by Walmart to, *inter alia,* test and certify the safety of the flooring of the Premises as a non-slip/skid surface. Plaintiff seeks to name IFTI as Doe 2 in his First and Second Causes of Action for Premises Liability based on a theory of Negligence.

8.      Plaintiff's original complaint filed in the Riverside Superior Court ("State Court Action") named Does 1 to 50, inclusive. The Complaint was timely filed on September 19, 2017.  A true and correct copy of Plaintiff's Complaint is attached as **Exhibit "A"** and is incorporated herein.

9.      Prior to removal of the State Court Action to this Court, Plaintiff had filed the following Amendments to her Complaint:

a.      On or about November 25, 2019 Plaintiff filed an Amendment to Complaint naming Defendant Tarkett USA, Inc. as Doe 42 ("Tarkett USA").

b.      On or about November 25, 2019 Plaintiff filed an Amendment to Complaint naming Defendant Harnix Corp doing business as Linron Company as Doe 43 ("Harnix").

c.      On or about November 25, 2019 Plaintiff also filed an Amendment to Complaint in the State Court Action naming Defendant Diversey, Inc. ("Diversey") as Doe 44.

(True and correct copies of the Amendments to Complaint filed in the State Court Action are attached as **Exhibits "B," "C," and "D**," respectively, and are incorporated herein).

10. The identities of Ibrahim and ITFI were discovered by Plaintiff during the course of discovery and prior to the removal of this action to this Court.  More specifically, Plaintiff conducted the PMQ deposition of Walmart which occurred in several sessions, including on September 27, 2019 and November 13, 2019. During the course of these deposition sessions, Walmart produced several individuals to testify on its behalf, including Ibrahim.  Ibrahim identified himself as the Store Manager of the Walmart store in Lake Elsinore where Plaintiff

fell and was injured. Ibrahim further testified that his job duties include, without limitation, responsibility for the inspection and maintenance of the flooring of the Premises. Predicated upon this information and other evidence adduced in this case, Plaintiff seeks to name Ibrahim as defendant Doe 1 in the First and Second Cause of Action of the Complaint for Premises Liability based on theories of Negligence. Attached hereto as **Exhibit "E"** and incorporated herein are true and correct copies of the relevant excerpts from Ibrahim's deposition testimony that reflect the foregoing.

11.     The second proposed new defendant is Independent Floor Testing & Inspection, Inc., a California corporation ("IFTI").  During the course of the Walmart PMQ deposition on November 13, 2019 Walmart's senior architectural manager Todd Franke identified  ITFI as the entity hired by Walmart to, *inter alia,* test and certify the safety of the flooring of the Premises as a non-slip/skid surface.  Based on this testimony and other evidence adduced in this action,  Plaintiff seeks to name IFTI as defendant Doe 2 in his First and Second Causes of Action for Premises Liability based on a theory of Negligence.  Attached hereto as **Exhibit "F"** and incorporated herein are true and correct copies of the relevant excerpts from Mr. Franke's deposition testimony that reflect the foregoing.

12.     Plaintiff does not presently anticipate that it will be necessary for her to name any additional parties as Doe defendants but expressly reserves the right to seek leave of Court to do so should further evidence be discovered warranting such action.

13.     Plaintiff does not hereby seek to modify or supplement any of the charging allegations of her Complaint. Plaintiff's claims against Ibrahim and IFTI arise out of the identical facts and events and the claims already being asserted against the other named defendants in this case, to wit, Plaintiff's slip and fall accident at the Premises on September 19, 2015.

14.     This request to add Ibrahim and IFTI as doe defendants is being timely made and poses no prejudice to any defendants in this action since the identities of these parties are already known to all interested parties who have appeared in this case. More specifically,

the identity of Ibrahim is known because Walmart produced him to testify as its PMQ on September 27, 2019. and ITIF (the contractor hired by Walmart to conduct safety inspections of its flooring at the Premises).

15.    Attached hereto as **Exhibits "G"** is a proposed Amendment to Complaint that names Ibrahim as Doe 1.  The Court is respectfully requested to approve this Amendment and deem it filed and served.

16.    Attached hereto as **Exhibit "H"** and incorporated herein is a proposed Amendment to Complaint that names IFTI as Doe 2. The Court is respectfully requested to approve this Amendment and deem it filed and served.

17.    Based on the foregoing, I respectfully ask that the Court grant this Motion and further Order the Clerk of the U.S. District Court to issue a new Summons in the form of **Exhibit "I"** hereto.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT AND THAT THIS DECLARATION WAS EXECUTED THIS 12th DAY OF FEBRUARY 2020 AT LOS ANGELES, CALIFORNIA.

/s/ BRETT C. DROUET
BRETT C. DROUET

## CERTIFICATE OF SERVICE

I served certify that the following document(s):

- **PLAINTIFF'S NOTICE OF MOTION AND MOTION TO SUBSTITUTE/ADD PARTIES IN PLACE OF FICTITIOUSLY NAMED DEFENDANTS; MEMORANDUM OF POINTS & AUTHORITIES AND DECLARATION OF BRETT C. DROUET, ESQ.**

was/were served on this date to counsel of record:

__XX__      BY ELECTRONIC TRANSMISSION: I electronically filed the above document(s) with the Clerk of the Court using the CM/ECF system. The CM/ECF system will send notification of this filing to the person(s) listed below.

| | |
|---|---|
| Andrew N. Kohn, Esq.<br>Gregory Garcia, Esq.<br>PETTIT KOHN INGRASSIA LUTZ & DOLIN PC<br>11622 El Camino Real, Suite 300<br>San Diego, California 92130<br>Telephone: (858) 755-8500<br>Facsimile: (858) 755-8504<br>akohn@pettitkohn.com<br>ggarcia@pettitkohn.com<br>*Attorneys for Defendants Wal-Mart Stores, Inc.* | David A. Clinton, Esq.<br>Holly Gagas, Esq.<br>CLINTON & CLINTON<br>100 Oceangate, 14th Floor<br>Long Beach, California 90802<br>Telephone: (562) 216-5000<br>Facsimile: (562) 216-5001<br>dac@clintonlaw.com<br>hg@clintonlaw.com<br>*Attorneys for Defendant TARKETT USA, INC.* |
| Richard E. Morton, Esq.<br>Kyle R. DiNicola, Esq.<br>HAIGHT BROWN AND BONESTEEL LLP<br>2050 Main Street, Suite 600<br>Irvine, CA 92614<br>Tel: (714) 426-4600<br>Fax: (714) 754-0826<br>rmorton@hbblaw.com<br>kdinicola@hbblaw.com<br>*Attorneys for Defendant DIVERSITY, INC.* | Howard Jason Smith, Esq.<br>Berman Berman Berman Schneider & Lowary<br>11900 W. Olympic Blvd. Suite 600<br>Los Angeles, CA 90064<br>Tel: (310) 447-9000<br>Fax: (310) 447-9011<br>hjsmith@b3law.com<br><br>*Attorneys for Defendant HARNIX CORP.* |

Executed on February 12, 2020, at Los Angeles, California.

  s/Annette Luna_____
ANNETTE LUNA

1