UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 20-82 JGB (SHKx)** | Date | March 13, 2020 |
| Title | ***Lois Romero v. Wal-Mart, Inc., et al.*** | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**    **Order (1) DENYING Plaintiff's Motion to Substitute/Add Parties (Dkt. No. 22); (2) DENYING Plaintiff's Motion to Remand (Dkt. No. 20); and (3) VACATING the March 16, 2020 Hearing (IN CHAMBERS)**

Before the Court are two motions: Plaintiff's motion to amend to substitute/add parties, ("MTA," Dkt. No. 22), and to remand the case to Riverside Superior Court, ("MTR," Dkt. No. 20). The Court finds these matters appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the matters, the Court DENIES the Motions. The hearing set for March 16, 2020 is VACATED.

## I.   BACKGROUND

On September 19, 2017, Lois Romero ("Plaintiff") commenced this personal injury action against Wal-Mart, Inc. ("Wal-Mart") and Rhonda in California Superior Court for the County of Riverside. ("Complaint," Dkt. No. 1 (attached as Exhibit A to the "DiNicola Declaration," Dkt. No. 1-1)). The Complaint asserts two causes of action: (1) premises liability, negligence (two counts), and (2) product liability. (Id. at 4-5.)

While the action was in state court, Plaintiff stipulated to the dismissal of Rhonda, and on November 25, 2019, named Tarkett U.S.A., Inc., ("Tarkett"), Harnix, Corporation ("Harnix"), and Diversey, Inc. ("Diversey") as Defendants. (DiNicola Decl., Ex. B.) On January 10, 2020, Diversey timely removed the action, on the basis of diversity jurisdiction. (Dkt. No. 1.) 28 U.S.C. § 1332, 1441(b), 1446(b)(1).

Plaintiff filed the MTA and MTR on February 12, 2020. (MTA; MTR.) Together, the motions seek to add diversity-destroying defendants and to remand the case. Plaintiff also filed the Declarations of Brett Drouet in support of the Motions. ("Drouet Declaration I," Dkt. No. 20 (attaching Exhibits A to B); "Drouet Declaration II," Dkt. No. 22 (attaching Exhibits A to I).) On the same day, Plaintiff lodged proposed orders to substitute Doe Defendants 1 and 2 with non-diverse Defendants Steven Ibrahim ("Ibrahim") and Independent Floor Testing & Inspection, Inc. ("IFTI"). (Dkt. Nos. 24, 25.) On February 24, 2020, Wal-Mart and Diversey separately opposed the Motions, ("Wal-Mart Opposition," Dkt. No. 32; "Diversey Opposition," Dkt. No. 33.) Wal-Mart included in support of its Opposition the Declaration of Gregory Garcia, ("Garcia Declaration," Dkt. No. 32-1 (attaching Exhibits A to F)), and Diversey included the Declaration of Kyle R. DiNicola, ("DiNicola Declaration II," Dkt. No. 33 (attaching Exhibits 1 to 5)). Plaintiff replied, ("Reply," Dkt. No. 39), and included another Declaration of Brett Drouet ("Drouet Declaration III," Dkt. No. 39 (attaching Exhibits 1 to 2)).

The Complaint asserts that Plaintiff was walking towards the bathroom in a Wal-Mart store, when she slipped and fell on a soda spill. (Compl. at 4.) The Complaint also claims that Defendants knew that substances fall on the public sales floors all the time, making them unsafe, and they chose the floor for its appearance rather them its safety. (Id. at 5) Plaintiff claims that despite this knowledge, Defendants chose the floor to install at the property. (Id.) The first proposed new Defendant, Ibrahim, is a California resident and the store manager of the Wal-Mart store where Plaintiff was injured. (MTA at 3-4; Drouet Decl. II ¶ 6.) The second proposed Defendant, IFTI, is a California corporation hired by Wal-Mart to test and certify the safety of the flooring. (MTA at 4; Drouet Decl. II ¶ 7.) Plaintiff concedes that without the addition of Ibrahim or IFTI, there is complete diversity between herself and Wal-Mart, Tarkett, Harnix, and Diversey ("Defendants"). (Drouet Decl. I ¶ 9.)

## II. LEGAL STANDARD

After removal, if a plaintiff "seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State court." 28 U.S.C. § 1447(e). Federal Rule of Civil Procedure 15 provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Ninth Circuit holds "'[t]his policy is to be applied with extreme liberality.'" Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)). The Ninth Circuit considers five factors when considering a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) the futility of amendment, and (5) whether the plaintiff has previously amended his or her complaint. Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004). "The party opposing amendment bears the burden of showing prejudice, unfair delay, bad faith, or futility of amendment." United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. ConocoPhillips Co., 2009 WL 650730, at *2 (C.D. Cal. Mar. 12, 2009) (citing Eminence Capital, 316 F.3d at 1052; DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186-87 (9th Cir. 1987)).

However, some courts in this circuit have found that "the permissive amendment under Rule 15(a) does not apply when a plaintiff amends her complaint after removal to add a diversity destroying defendant." Chan v. Bucephalus Alternative Energy Group, LLC, 2009 WL 1108744, at *3 (N.D. Cal. 2009) (citing Bakshi v. Bayer Healthcare, LLC, 2007 WL 1232049, at *2 (N.D. Cal. 2007)). These courts consider the following six factors: "(1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff." See IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V., 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000); Boon v. Allstate Ins. Co., 299 F. Supp. 2d 1016, 1020 (C.D. Cal. 2002).

## III. DISCUSSION

### A. Necessary Parties Under Rule 19(a)

The Court finds that Ibrahim and IFTI are not necessary parties under Rule 19(a). A "necessary party" under Rule 19 is one "having an interest in the controversy, and who ought to be made [a] part[y], in order that the court may act on that rule which requires it to decide and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it." See CP Nat'l Corp. v. Bonneville Power Admin., 928 F.2d 805, 912 (9th Cir. 1991) (citation omitted). The Ninth Circuit explains such a rule requires joinder for a party when "complete relief" cannot be accorded without such joinder or that disposing of the action without the joined party may (i) impede that person's ability to protect their interest or (ii) leave an existing party at risk of incurring multiple or inconsistent obligations. See Fed. R. Civ. P. 19(a); Northrop Corp. v. McDonnell Douglas Corp., 705 F.2d 1030, 1043 (9th Cir. 1983).

Here, no such circumstances exist. Plaintiff seeks money damages, and Wal-Mart may be held liable for damages caused by their employees, even if Ibrahim is not joined in this action. See Perez v. City of Huntington Park, 7 Cal. App. 4th 817, 820 (1992) (citing Golceff v. Sugarman, 36 Cal. 2d 152, 154 (1950)). Plaintiff would be able to obtain complete relief in his absence.

As to IFTI, Plaintiff includes no proposed allegations,[1] but states Wal-Mart's senior architectural manager Todd Franke identified ITFI as the entity hired by Wal-Mart to, among other things, test and certify the safety of the flooring as a non-slip/skid surface. (Drouet Decl. II ¶ 11, Exhibit F.) Wal-Mart responds that IFTI's role is only to test and make recommendations

---

[1] Instead of lodging a proposed amended complaint, Plaintiff filed cursory Doe Defendant substitution notices, which violate the local rules. L.R. 15-1, 15-2. Without proposed amended pleadings against Ibrahim or IFTI, it is difficult for the Court to assess the Chan factors.

to Wal-Mart, which does not solely rely on IFTI when reviewing a store for a remodel. (Wal-Mart Opp'n at 8 (citing Garcia Decl. ¶ 7, Exhibit D).) The Court does not find in "equity and good conscience" the action cannot proceed in IFTI's absence. <u>Dawavendewa v. Salt River Project Agr. Imp. and Power Dist.</u>, 276 F.3d 1150, 1161 (9th Cir. 2002). Plaintiff does not propose allegations against IFTI, does not allege IFTI is ultimately responsible for the decision to replace dangerous flooring, and does not cite authority for the proposition that contractors are indispensable parties in cases such as this. Thus, Defendants are correct that under Rule 19(a), Ibrahim and IFTI are not indispensable parties.

## B. Statute of Limitations

The statute of limitations in California for personal injury claims is two years. Cal. Code Civ. Proc. § 335.1. The alleged slip and fall incident occurred on September 19, 2015. (Compl.; MTR at 1.) Thus, as alleged, the statute of limitations may have expired[2] and would prevent Plaintiff from bringing this claim in state court. This factor favors allowing amendment.

## C. Unexplained Delay

Courts consider delay in determining whether to permit an amendment adding non-diverse defendants. <u>See</u> <u>IBC Aviation</u>, 125 F. Supp. 2d at 1012 (citing <u>Clinco v. Roberts</u>, 41 F. Supp. 2d 1080, 1083 (C.D. Cal. 1999) (finding amendment less than six weeks after complaint to be timely)). Diversey argues Plaintiff was aware of IFTI's role by November 13, 2019 at the latest, when Plaintiff learned of IFTI at deposition. (Diversey Opp'n at 8 (citing DiNicola Decl. I ¶ 7); <u>see also</u> Drouet Decl. II, Exhibit F.) Plaintiff offers little explanation for the delay, and admits that she was aware of IFTI and Ibrahim as early as October 2019. (Drouet Decl. III ¶¶ 8-9.) If this were the case, however, Plaintiff could have filed the Motion much earlier than February 12, 2020, for example at the time Plaintiff amended to add Diversey, in November 2019. The Court finds this factor weighs against amendment.[3]



---

[2] The parties do not address their briefing to this factor. However, "a remand generally will be preferable to a dismissal when the statute of limitations on the plaintiff's state-law claims has expired before the federal court has determined that it should relinquish jurisdiction over the case. <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 351–52 (1988).

[3] Both parties decry that trial was scheduled to commence eighteen days prior to removal. (<u>See</u> Diversey Opp'n at 8 (citing DiNicola Decl. I ¶ 7).) It is hard to say with great confidence, however, which party is more guilty of removal gamesmanship: the plaintiff who amended in diverse parties at the end of discovery and shortly before trial, or the diverse party which removed the action to federal court, at the eleventh hour. <u>See also</u> <u>Koch v. Medici Ermete & Figli S.R.L.</u>, 2013 WL 1898544, at *2 (C.D. Cal. May 6, 2013) (discussing waiver of removal, for example, where defendant proceeds to trial, files a permissive counterclaim, or takes other steps requiring the state court to expend considerable judicial resources).

## D. Purpose of the Joinder

"[T]he motive of a plaintiff in seeking the joinder of an additional defendant is relevant to a trial court's decision to grant the plaintiff leave to amend his original complaint." <u>Desert Empire Bank v. Ins. Co. of N. America</u>, 623 F.2d 1371, 1376 (9th Cir. 1980). However, suspicion of amendment for the purpose of destroying diversity is not an important factor in this analysis, as § 1447(e) gives courts flexibility in determining how to handle addition of diversity-destroying defendants. <u>See IBC Aviation</u>, 125 F. Supp. 2d at 1012 (citing <u>Trotman</u>, 1996 WL 428333, at *1 ("The legislative history to § 1447(e) . . . suggests that it was intended to undermine the doctrine employed by some courts that amendments which destroyed diversity were to be viewed with suspicion.")). Here, Plaintiff's wish to add Ibrahim is questionable. The request to add IFTI is less unreasonable, however, given its apparent role in assessing floor safety. The Court finds that this factor favors amendment to add IFTI, or is at least neutral.

## E. Validity of the Claims Against the New Defendants

Plaintiff's claims are not sufficiently viable. "There are two ways to establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." <u>GranCare, LLC v. Thrower</u>, 889 F.3d 543, 548 (9th Cir. 2018) (quoting <u>Hunter v. Phillip Morris USA</u>, 582 F.3d 1039, 1044 (9th Cir. 2009)). The Ninth Circuit has emphasized that "the test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent." <u>Id.</u> at 549. Rather than merely showing the plaintiff has not alleged facts plausibly stating a claim for relief, a defendant must show that there is no "possibility that a state court would find that the complaint states a cause of action against any of the resident defendants[.]" <u>Id.</u> at 458 (internal quotation marks and citations omitted). Thus, that a court would grant a motion to dismiss the claim is insufficient to establish fraudulent joinder. <u>Id.</u> at 550. "[T]he district court must [still] consider ... whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." <u>Id.</u> Defendants asserting fraudulent joinder bear a "heavy burden" because of the presumption against finding defendants were fraudulently joined. <u>Id.</u> at 548.

Here, Diversey argues that the dual claims of premises liability and product liability cannot succeed against IFTI or Ibrahim. Negligence based on premises liability is critically tied to the defendant's ownership, control, and/or possession of property in question," but Plaintiff does not claim IFTI or Ibrahim ever possessed or owned the store in question. (Diversey Opp'n at 9 (citing <u>Brooks v. Eugene Burger Mgmt. Corp.</u>, 215 Cal. App. 3d 1611, 1619 (1989).) Crucially, an owner's duty of care with respect to the safety of premises is not delegable to contractors. 50A Cal. Jur. 3d Premises Liability § 12 (noting that "the owner is not relieved of liability for a dangerous condition of the premises merely because it was the result of work done by an independent contractor," and collecting cases).

Nor could Plaintiff possibly state a product liability claim against Ibrahim or IFTI, where Plaintiff has failed to mention any product, or Ibrahim/IFTI's role in the manufacture or

distribution of that product. These defects are not likely to be cured by an opportunity to amend, and this factor does not favor amendment.

## F. Prejudice to Plaintiff

The Court finds that Plaintiff would not be prejudiced by denial of leave to amend because the claims Plaintiff proposes against Ibrahim and IFTI are not viable. Prejudice is not likely because Plaintiff may subpoena Ibrahim or IFTI employees to testify at trial, <u>Newcombe v. Adolf Coors Co.</u>, 157 F.3d 686, 691 (9th Cir. 1998), for example to establish Wal-Mart's actual or constructive knowledge of the dangerous condition at issue.

Considering the factors as a whole, the Court finds amendment is not warranted. Plaintiff has failed to lodge a proposed pleading, the proposed Defendants are not necessary parties, the claims against the new defendants are not viable, the delay is Plaintiff's own doing, and Plaintiff would not be prejudiced by a denial of leave to amend. Accordingly, the Court DENIES the MTA. Having determined that leave to amend is not warranted, the Court further denies the MTR, because Plaintiff does not argue another ground for remand.[4]

## IV. CONCLUSION

Accordingly, the Court DENIES Plaintiff's motion to substitute/add parties, and DENIES Plaintiff's motion to remand. The hearing set for March 16, 2020 is VACATED.

**IT IS SO ORDERED.**

---

[4] Plaintiff concedes that without the addition of Ibrahim or IFTI, there is complete diversity between herself and Wal-Mart, Tarkett, Harnix, and Diversey. (Drouet Decl. I ¶ 9.)